UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY J. FUTIA, JR.,

                Plaintiff,

     -against-

UNITED STATES,

                Defendant.

No. 22-CV-6965 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Plaintiff, who is proceeding *pro se,* has filed a motion requesting preliminary injunctive relief. (Dkt. No. 3.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer "irreparable harm" and (2) either (a) a "likelihood of success on the merits" of his case or (b) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in his favor. *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000) (articulating the same considerations). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quotation marks omitted) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

      Broadly speaking, Plaintiff appears to allege that Defendant violated his constitutional rights when it required him to pay federal income taxes without responding to his petitions for grievance. (*See generally* Compl. (Dkt. No. 1).) Plaintiff's complaint and accompanying exhibits do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships

tipping decidedly in his favor. More specifically, Plaintiff's First Amendment arguments regarding the government's obligation to respond to his petition(s) for redress prior to paying his taxes have already been heard and entirely denied by then-Judge Kavanaugh. *See generally We The People Foundation v. United States*, 485 F.3d 140 (D.C. Cir. 2007). The Court sees no fault in then-Judge Kavanaugh's reasoning. Additionally, while Plaintiff plainly has a right to sue for any incorrectly assessed taxes pursuant to 28 U.S.C. § 1346(a), Plaintiff has failed to plead compliance with the necessary procedural requirements of filing such a suit, namely the filing of an administrative claim with the IRS prior to the commencement of a cause of action, *see* 26 U.S.C. § 7422(a); 26 C.F.R. § 601.103(c)(3), such that it cannot be said that it is likely that Plaintiff will succeed on the merits of his complaint.

Accordingly, Plaintiff's request for an order to show cause, (*see* Dkt. No. 3), is denied without prejudice to renewal at a later date. The Court will address the merits of the claims asserted in Plaintiff' s complaint in due course.

## CONCLUSION

As stated above, Plaintiff's request for an order to show cause, (*see* Dkt. No. 3), is denied without prejudice to renewal at a later time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 30, 2022
         White Plains, New York

                                                                KENNETH M. KARAS
                                                                United States District Judge