Copies Mailed/Faxed 5/23/23
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANTHONY J. FUTIA, JR.,
           Plaintiff,

v.

UNITED STATES OF AMERICA,
           Defendant.
--------------------------------------------------------------x

**ORDER**

22 CV 6965 (VB)

5/23/23

    On August 16, 2022, plaintiff, proceeding <u>pro se</u>, filed this action alleging the United States violated his First, Fifth, and Fourteenth Amendment rights by taxing plaintiff's income while failing to respond to his petitions for redress. (Doc. #1).

    Further, on August 16, 2022, plaintiff filed a motion for preliminary relief, seeking to enjoin the United States from levying $1,702.86 per month from plaintiff's social security payments for unpaid taxes, and to direct the United States to return to plaintiff's bank account the funds already levied pending the outcome of this action.

    On April 24, 2023, the Court issued an Opinion and Order granting defendant's motion to dismiss and denying plaintiff's motion for preliminary relief as moot. (Doc. #37).

    On May 3, 2023, plaintiff filed a letter addressed to the judge previously assigned to this case entitled "Demand for a Jury Trial," and referencing the Court's April 24, 2023, Opinion and Order. (Doc. #39). In this letter, plaintiff argues his "right to a trial by jury is inviolate meaning the right cannot be violated – it is free from any impairment" and "[d]enying my right to a trial by jury under the facts and circumstances of this case would be treasonous to the Constitution and would speak to your conflict of interest." (<u>Id</u>.). The Court construes plaintiff's letter as a motion for reconsideration of the Opinion and Order dated April 24, 2023.

    "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a

1

clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Local Civil Rule 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Upon due consideration of plaintiff's arguments in the motion for reconsideration, the Court finds them to be without merit. Plaintiff does not point to any facts or legal precedent that warrant reconsideration of the Opinion and Order dated April 24, 2023.

Accordingly, plaintiff's motion for reconsideration is DENIED. (Doc. #39).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: May 23, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge